[Decided at PENDLETON July 31, 1897.]

## OGDEN RAILWAY COMPANY *v.* WRIGHT.

(49 Pac. 975.)

NOTES—LIABILITY OF TRUSTEE.—One who signs a promissory note "as trustee of" another is *prima facie* personally liable.*

From Union: STEPHEN A. LOWELL, Judge.

Action by the Ogden City Street Railway Company of Ogden, Utah, against W. T. Wright and F. L. Rich-

*NOTE.—The following cases have annotations considering the personal liability of corporate officers on notes made for the corporation: *Kline* v. *Bank of Tescott*, 34 Am. St. Rep. 110; *Matthews* v. *Dubuque Mattress Company*, 19 L. R. A. 676.—REPORTER.

mond, as individuals, to recover on two promissory notes, one of which is as follows:

"$757.42.            PORTLAND, Or., May 30th, 1894.

On or before 30th Nov., 1895, after date, without grace, for value received, I promise to pay Ogden City Street Railway Company seven hundred and fifty-seven and ninety-two one-hundredth dollars and interest thereon from date at a rate of eight per cent. per annum from date until paid, all in U. S. gold coin; and I further agree to pay all taxes and assessments which may be levied or assessed to the holder of this note on account thereof, and in case suit or action is instituted to collect this note, or any portion thereof, to pay such further sum as the court may adjudge reasonable as attorney's fees in said suit or action.

F. L. RICHMOND,

As trustee of F. Nodine.

W. T. WRIGHT,

As trustee of F. Nodine."

The other note is identical in every particular with the foregoing, except that it evidences a promise to pay the sum of $380.36, and is payable to the Utah Loan & Trust Company. A demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, having been sustained, judgment was rendered dismissing the action, from which the plaintiff appeals.

REVERSED.

For appellant there was a brief and an oral argument by *Mr. J. D. Slater.*

 ، For respondents there was a brief over the names of *Chamberlain & Thomas, Frank A. E. Starr,* and *Thos. H. Crawford,* with an oral argument by *Mr. George E. Chamberlain.*

· PER CURIUM. The only question on this appeal is whether, upon the face of the notes, the defendants· are personally liable. In the execution thereof they have designated themselves as trustees of F. Nodine, and, as a trustee is one who holds the legal title to property under an agreement, express or implied, to apply it and the income arising therefrom to the use and benefit of another (1 Parsons on Contracts, 122; Anderson's Law Dictionary, title "Trustee"), it must be assumed, in the absence of the circumstances indicating a different relation, that they are simply the holders of the legal title to certain property in trust for Nodine. And upon this theory the sufficiency of the complaint must be determined. Now, the law is well settled, as stated by Mr. Parsons, that such a trustee "is bound personally by the contracts he makes as trustee, although designating himself as such; and nothing will discharge him but an express provision showing clearly that both parties agreed to act upon the responsibility of the funds alone, or some other responsibility exclusive of that of the trustee, or some other circumstance clearly indicating another party who is bound by the contract, and upon whose credit alone it is made. The mere use by the promisor of the name of trustee, or any other name of office or employment, will not discharge him. Some one must be bound by the contract, and if he does not bind

some other he binds himself, and the official name is then regarded only as describing and designating him:" 1 Parsons on Contracts, 121.   See, also, *Taylor v. Davis' Administratix*, 110 U. S. 330 (4 Sup. Ct. 147.)

Many authorities are cited by the defendants to the effect that where it appears from the face of the instrument that the party signing it acted in a representative capacity, and intended to bind his principal, and not himself, the courts will, in furtherance of justice, adopt such a construction as will effectuate the actual intention of the parties.   But there is nothing in the record here to show that the defendants, in executing the notes, were acting as the agents or representatives of any one.   They say they are trustees of a private individual, and a trustee is not an agent, and has no principal.   As clearly pointed out by Mr. Justice WOODS in *Taylor* v. *Davis' Administratrix*, 110 U. S. 330 (4 Sup. Ct. 147), "An agent represents and acts for his principal, who may be either a natural or artificial person.   A trustee may be defined generally as a person in whom some estate, interest, or power in or affecting property is vested for the benefit of another.   When an agent contracts in the name of his principal, the principal contracts and is bound, but the agent is not.   When a trustee contracts as such, unless he is bound, no one is bound, for he has no principal.   The trust estate cannot promise.   The contract is, therefore, the personal undertaking of the trustee.   As a trustee holds the estate, although only with the power and for the purpose of managing it, he is personally bound by the contracts he makes as trustee, even when designating himself as such.   The

mere use by the promisor of the name of trustee, or any other name of office or employment, will not discharge him." It is therefore manifest that the complaint states a cause of action against the defendants personally, and, if the facts and circumstances surrounding the execution of the notes are such as to change their apparent liability, it must be made so to appear by answer. The court below was in error in sustaining the demurrer to the complaint, and the judgment must be reversed, and the cause remanded, with directions to overrule the demurrer, and for such further proceedings as may be right and proper, not inconsistent with this opinion.

REVERSED.

---

[Decided at PENDLETON July 31, 1897, rehearing denied.]